IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH F., on behalf of KAREN M.,[1] | ) ) ) | |
| Plaintiff, | ) ) | No. 18 C 844 |
| v. | ) ) ) | Magistrate Judge Maria Valdez |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Elizabeth F.'s[2] claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the decision of the Commissioner of Social Security is granted in part and denied in part, and the Commissioner's motion for summary judgment [Doc. No. 28] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Karen M. passed away in March 2018. Elizabeth F., Karen M.'s daughter, was substituted as Plaintiff pursuant to Federal Rule of Civil Procedure 25(a). For the sake of clarity, however, references to "Plaintiff" in this opinion will refer to Karen M.

# BACKGROUND

## I. PROCEDURAL HISTORY

On October 2, 2013, Plaintiff filed a claim for DIB, alleging disability since March 4, 2012 due to back pain, sleep apnea, morbid obesity, depression, and anxiety. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on April 14, 2016. Plaintiff personally appeared and testified at the hearing and was represented by counsel. Medical expert ("ME") Dr. Sai R. Nimmagadda and vocational expert ("VE") Richard T. Fisher also testified.

On August 2, 2016, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of March 5, 2012. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, depressive disorder, anxiety disorder, obstructive sleep apnea, restless leg syndrome, and morbid obesity. The ALJ concluded at step three that her impairments, alone or in combination, did not meet or medically equal a

Listing. Before step four, the ALJ determined that Plaintiff retained the RFC to perform light work with the following additional limitations: occasional climbing ladders, ropes, and scaffolds; frequent stooping, kneeling, crouching, and crawling; avoiding concentrated exposure to workplace hazards including dangerous moving machinery and unprotected heights; simple routine tasks; occasional contact with coworkers, supervisors, and the public; and no fast-paced production rate or strict quota work.

At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a mail carrier. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience and RFC, the ALJ concluded that Plaintiff could have performed jobs existing in significant numbers in the national economy, leading to a finding that she was not disabled under the Social Security Act.

## **DISCUSSION**

### **I. ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does

the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.    JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence,

4

resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision should be reversed because: (1) the ALJ improperly weighed the opinion of Plaintiff's therapist; (2) he did not incorporate all of Plaintiff's limitations in the hypothetical questions posed to the VE; (3) he improperly discounted the third-party statement made by Plaintiff's mother; and (4) his findings about Plaintiff's symptoms were not supported by substantial evidence.

Social Security Ruling[3] 16-3p provides the framework by which an ALJ is to evaluate a Social Security claimant's symptoms.[4] *See* SSR 16-3p, 2017 WL 5180304. ALJs are directed to consider all of an individual's symptoms using a two-step process. The ALJ must first "consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." *Id.* at *2. After the existence of the impairment is established, the ALJ must "evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities . . . ." *Id.* at *3.

With respect to Plaintiff's complaints of back pain, the ALJ found it significant that there were no x-ray or MRI findings since a January 31, 2011 MRI

---

[3] Interpretive rules, such as Social Security Rulings ("SSR"), do not have force of law but are binding on all components of the Agency. 20 C.F.R. § 402.35(b)(1); *accord Lauer v. Apfel*, 169 F.3d 489, 492 (7th Cir. 1999).

[4] The SSA has clarified that SSR 16-3p, "Evaluation of Symptoms in Disability Claims," applies when ALJs make decisions on or after March 28, 2016. *See* SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). The ALJ's decision was issued on August 2, 2016, and therefore SSR 16-3p applies.

6

showing degenerative changes and moderate foraminal stenosis on the left. He did acknowledge, however, that Plaintiff's having undergone a foraminotomy and lateral laminectomy procedure on March 24, 2015 gave "some indication that the degree of impairment in her lumbar spine had worsened." (R. 30.) Despite the surgery, the ALJ concluded that observed signs "have generally failed to support the severity of the claimant's alleged functional restrictions." (*Id.*)

The ALJ also found Plaintiff's claims that she could not walk long distances to be inconsistent with the fact that she often presented with no gait disturbances; and she had negative straight leg raise testing, no atrophy in her back or lower extremities, and intact muscle strength. He concluded that these normal signs of functioning demonstrated that she could lift, carry, push, and pull at the light exertional level. In addition, the ALJ was persuaded that Plaintiff's having been "observed as walking fifty feet with no signs of balance issues . . . support[ed] the finding that she has no significant deficits in her ability to stand and or walk up to six hours during an eight hour workday." (R. 31.)

The Court concludes that in analyzing Plaintiff's symptoms and their functional restrictions, the ALJ failed to build a logical bridge to his conclusions, necessitating remand. He did not explain or cite any medical opinion equating the ability to walk fifty feet without balance problems to the ability to walk up to six out of eight hours. In response to the ALJ's question of whether he agreed with a light level RFC, the ME testified that "I think that's a fair assessment," (R. 73), but he

did not expressly state what evidence in the record supported a light level of walking.

Furthermore, this conclusion is internally inconsistent with the ALJ's acknowledgement of the potential functional effects of Plaintiff's morbid obesity (body mass index of 52.45): "With just this high body weight alone, restrictions on exertional capacity are reasonably founded, as heavy lifting and constant climbing are likely to cause the claimant shortness of breath and fatigue." (R. 31.) His notation that Plaintiff worked in the past at a similar body weight, thus suggesting "that she can still tolerate some light sustained physical activity, (*id.*), does not provide substantial evidence that Plaintiff could have walked six hours out of an eight-hour workday.

Based on its conclusion that remand is necessary for the above reason, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, on remand, the ALJ should take greater care to explain his reasons for discounting the opinions of Plaintiff's therapist and her mother.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the decision of the Commissioner of Social Security is granted in part and denied in part, and the Commissioner's motion for summary judgment [Doc. No. 28] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:   April 26, 2019**

  **HON. MARIA VALDEZ**
  **United States Magistrate Judge**

9